## Arundel *versus* Springer.

1. Under 28th sect. of Act of February 24th 1834, trespass for mesne profits does not abate by the death of the defendant in the ejectment, but survives against his personal representatives.

2. Trespass for mesne profits was brought against two; one paid a certain sum in settlement, and a nol. pros was entered as to him: *Held*, that did not discharge the other defendant.

3. Bard *v.* Nevin, 9 Watts 328; Harker *v.* Whitaker, 5 Id. 474; Means *v.* Church, 3 Barr 93, examined and distinguished.

February 21st 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 168, to July Term 1871.

This was an action of trespass for mesne profits commenced May 9th 1870, in which John B. Springer, trustee, &c., under the will of Margaret Ross, and Mary M. Clarke, were plaintiffs, and Eliza Arundel, executrix, legatee and devisee of Robert J. Arundel, deceased, and Eliza Bouvier and Robert E. Peterson, executors and trustees under the will of John Bouvier, deceased, were defendants.

The declaration was that Arundel in his lifetime and the said Eliza Bouvier and Robert E. Peterson, executors, &c., of John Bouvier, deceased, on the 1st of June 1848, broke and entered a messuage, &c., and ejected the plaintiffs, and took the rents and profits until May 8th 1870, &c.; that Arundel died on the 23d of October 1868, and letters testamentary on his estate were granted to Eliza Arundel, &c.

[Arundel *v.* Springer.]

May 8th 1871, a *non pros.* was entered as to Bouvier and Peterson.

The cause was tried before Hare, P. J., May 11th 1871, the jury being empannelled to try the issue between the plaintiffs and Eliza Arundel, executrix, &c.

The plaintiffs gave in evidence a deed for the *locus in quo* from Margaret Arundel to Margaret J. Rogers, dated November 24th 1829. Margaret J. Rogers married Samuel Ross, survived him and died October 1st 1841, having devised the premises in trust for Mary M. Rogers. On the 3d of October 1841, Mary M. Rogers married Samuel Clarke, who died March 19th 1859. On the 27th of March, John B. Springer was appointed trustee under the will of Mrs. Ross, in place of a former trustee discharged. Springer as trustee and Mrs. Clarke recovered the premises in ejectment to March Term 1868 against Robert J. Arundel; he died October 19th 1868. Since the commencement of this suit, the executors of Bouvier settled the claim against them by the payment to the plaintiffs of $325. The rent of premises yielded to Arundel $180 annually and to Bouvier $125 annually.

The defendant having given in evidence certain agreements and a deed not affecting the questions raised in the Supreme Court, closed and asked the court to charge:—

"1. The issue raised in this case by the declaration and plea, is as to the amount of mesne profits received by defendant Eliza Arundel, as executrix of Robert J. Arundel, deceased; there can therefore be no recovery in this suit for mesne profits received by said decedent in his lifetime, nor can there be a recovery against his executrix, in her representative capacity, to charge decedent's estate for mesne profits received by her as such executrix.

"2. This action being against defendants Arundel and Bouvier, or their representatives as joint trespassers, a release of one discharges the other. If you, therefore, find that the plaintiffs have released Bouvier's estate from liability, your verdict in this case must be for the defendant."

The court refused the points; and there was a verdict for the plaintiffs for $795.

The defendants removed the record to the Supreme Court, and assigned for error the denial of their points.

*J. M. Arundel* and *W. L. Hirst*, for plaintiff in error, referred, as to 1st point, to Acts of February 24th 1834, § 28, Pamph. L. 77, 1 Br. Purd. 424, pl. 96; April 12th 1869, § 1, Pamph. L. 27, Id. 39, pl. 14; Miller *v.* Wilson, 12 Harris 114; Harker *v.* Whitaker, 5 Watts 475; Bard *v.* Nevin, 9 Id. 328; Means *v.* Church, 3 Barr 93. Releasing Bouvier's executors in a joint action of trespass discharged the other defendants: Knox *v.* Work,

21 P. F. Smith—26

[Arundel *v.* Springer.]

1 Browne 101; Cridland *v.* Floyd, 6 S. & R. 413; Weakly *v.* Royer, 3 Watts 460; Chambers *v.* Lapsley, 7 Barr 26.

*G. Junkin*, for defendants in error, referred to the same Acts of Assembly; McCallion *v.* Gegan, 4 Legal Gaz. 5, January 5th 1872. The objection to the release of Bouvier should have been raised by special plea : Duane *v.* Miercken, 4 Yeates 437.

The opinion of the court was delivered, May 13th 1872, by

WILLIAMS, J.—It is clear that under the provisions of the Act of February 24th 1834, Purd. Dig. 286, the action of trespass for mesne profits did not abate by the death of the defendant in the ejectment, but survived against his personal representative. The act provides that " executors or administrators shall have power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander, for libels and for wrongs done to the person ; and they shall be liable to be sued in any action, except as aforesaid, which might have been maintained against such decedent if he had lived." The language of this provision is too plain to require interpretation or to admit of doubt as to its meaning. It declares, as clearly as words can, that executors or administrators shall be liable to be sued in any action which might have been maintained against the decedent, whom they represent, if he had lived, except actions for slander, for libels and for wrongs done. to the person. If then the act is to have its plain meaning, nothing can be more obvious than that the action of trespass for mesne profits does not abate by the death of the trespasser, but survives against his personal representatives. To give it any other construction would be a clear perversion of its meaning. But it is strenuously urged that since the passage of the act, this court has repeatedly held that the action for mesne profits abates upon the death of the defendant in ejectment, and that a plaintiff has no remedy against his personal representatives ; and the cases of Harker *v.* Whitaker, 5 Watts 474, Bard *v.* Nevin, 9 Id. 328, and Means *v.* The Presbyterian Church, 3 Barr 93, are cited and relied on to sustain the position. The case of Harker *v.* Whitaker, decided in 1839, was an action of *account render* for mesne profits brought against the personal representatives of a deceased defendant in ejectment, and the court below instructed the jury that the action would not lie, and directed them to return a verdict for the defendant. This court, conceding that under special circumstances the action might be sustained for defect of remedy, as a substitute for a bill in equity, affirmed the judgment, on the ground that a bill in equity itself would not lie under the circumstances disclosed by the evidence. An examination of the opinion will show that the decision is not put on the ground that the action abated by the

[Arundel *v.* Springer.]

death of the defendant in ejectment, but on the ground that an action of *account render* would not lie under the circumstances of the case. "For it is certain," to quote the language of the opinion, "that a successful plaintiff in ejectment may not turn the trespasser into a tenant for the time laid in the demise, in order to charge him in the action for use and occupation; or treat him as a trustee, unless the incongruity were counterbalanced by circumstances of peculiar hardship. Where the owner has thought fit to begin with the occupant as a trespasser, he must end with him as a trespasser, unless he has lost a legal advantage by having been vexatiously impeded in the pursuit of his remedy. Such a loss, however, gives an equity, on the foot of which a chancellor will interfere; but it has not been shown here."

The case of Bard against Nevin, decided in 1840, was an action of assumpsit brought against the personal representative of a deceased defendant in ejectment, for mesne profits which accrued during the pendency of that action. The court below, on the case stated, gave judgment for the defendant; and it was affirmed by this court, in a *per curiam* opinion, on the principle ruled in Harker *v.* Whitaker, that an action at law cannot be sustained as a substitute for a bill in equity where a bill in equity itself would not lie.

The case of Means *v.* The Presbyterian Church, decided in 1846, was an action of trespass for mesne profits brought by a trustee against the defendant in ejectment, and it was held that the action did not abate by his death, but survived for the use of the church of which he was the trustee, and that his heir at law was the proper party to be substituted as plaintiff. No other question was presented by the record, and nothing else was really decided. It is true that in delivering the opinion of the court, Rogers, J., said: "These cases," referring to Harker *v.* Whitaker and Bard *v.* Nevin, "are ruled on the principle that the cause of action does not survive." But this was a mere dictum, and, unless we have misapprehended the principle, was clearly a mistake. But whether so or not, these cases, including Means against the Church, were decided without any reference to the Act of 1834, and can have no possible influence in determining its meaning. It was not cited by the counsel or the court in either of them, and as a matter of course no construction was given to its provisions. We are then left free to interpret the act according to its plain meaning, and it is clear that under its provisions the actions did not abate, and there was no error in refusing to charge that there could be no recovery in this suit for mesne profits received by the decedent in his lifetime. The Act of April 12th 1869, Purd. Dig. 1539, which provides that no action or right of action for mesne profits * * * shall abate by reason of the death of the person liable therefor, &c., wrought no change in the existing law,

and all that need be said of it is, that it was a piece of useless legislation.

It is a sufficient answer to the matter next complained of, that there is nothing in the pleadings or evidence which made it the duty of the court to instruct the jury that there could be no recovery in this action for mesne profits received by the executors. It is not alleged in the declaration, nor shown by the evidence sent up with the bill of exceptions, that any rents or profits of the land were received by the executrix. On the contrary, it is expressly admitted on the record, that the rents were received by the decedent. Nor was there any error in refusing to instruct the jury that if they found that the plaintiff had released Bouvier's estate from liability, their verdict must be for the defendant. The fact that the plaintiff settled with Bouvier's executors for the rents which they received and which were properly chargeable to them, did not constitute in law or equity any defence to the rents which it is admitted that the decedent received. The settlement with Bouvier's executors did not prejudice the defendant in any way, and cannot be regarded as satisfaction of the rents sought to be recovered in this action. Under the evidence the plaintiffs were clearly entitled to recover, and the judgment must be affirmed.

Judgment affirmed.